UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00615-FDW

| CARSON D. HYDE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| HAROLD REEP, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon Petitioner Carson D. Hyde's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1).

## I.   BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on February 29, 2012, was convicted of trafficking in marijuana and possession of marijuana with intent to sell or deliver after a jury trial in Gaston County Superior Court. He was sentenced to consecutive sentences of 35-42 months in prison. Petitioner did not file a direct appeal. (Pet. 1-2, Doc. No. 1.)

On April 24, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals pursuant to North Carolina Rule of Appellate Procedure 21, which provides that a "writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action," N.C. R. App. P. 21(a)(1).[1] (Cert. Pet. 33-53, Doc.

---

[1] An attorney for North Carolina Prisoner Legal Services, Inc. entered a limited appearance on Petitioner's behalf for the sole purpose of filing the certiorari petition. (Not. of Limited Appearance 47, Doc. No. 1.)

1

No. 1.) Petitioner alleged that trial counsel failed to advise him of his right to appeal, the manner and deadline to give notice of appeal, and the availability of appointed appellate counsel for an indigent defendant. (Cert. Pet. 40.) Separately, trial counsel asserted that after sentencing, he spoke with Petitioner's "significant other" who stated Petitioner did not wish to appeal. (Tr. Counsel's Let. to Pet. 55, Doc. No. 1.) The North Carolina Court of Appeals denied the certiorari petition on May 13, 2015. (N.C. App. Crt. Order 31, Doc. No. 1.)

Petitioner filed the instant § 2254 habeas Petition on July 14, 2016, when he placed it in the prison mail system. (Pet. 27, Doc. No. 1.) He claims trial counsel was ineffective for failing to advise him of his right to file a direct appeal. (Pet. 9.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The § 2254 petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." § 2244(d)(1)(A).[2] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on February 29, 2012, when Petitioner was sentenced. He then had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgment became final on or about March 14, 2012, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about March 14, 2013, more than three years before Petitioner filed the instant § 2254 habeas action. Thus, absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

According to Petitioner, he asked trial counsel after sentencing whether he could appeal, and trial counsel responded that "it would be too much paperwork." (Pet'r's April 17, 2015 Aff. 51 ¶ 5, Doc. No. 1.) Petitioner's next action was to write trial counsel, "about a year [later]," to

---

[2] There are three statutory exceptions to this start date, see 28 U.S.C. § 2244(d)(1)(2)-(4), but Petitioner does not contend that one or more applies here.

ask for trial transcripts and an explanation for not having filed a direct appeal on Petitioner's behalf. (Pet'r's Aff. 53 ¶ 10.) Evidently after receiving no response, Petitioner wrote North Carolina Prisoner Legal Services ("NCPLS") on April 28, 2014, seeking assistance in pursuing an appeal. (Pet'r's Letter to NCPLS 54, Doc. No. 1.) As noted, the certiorari petition filed by NCPLS, seeking review of Petitioner's trial judgment, was denied on May 13, 2015. See discussion, supra, at 1-2 & n.1. Petitioner did not file the instant § 2254 action until more than a year later. These sporadic actions over a four-year period do not demonstrate the necessary diligence in pursing legal remedies that is required to justify equitable tolling.

Additionally, Petitioner has not shown "that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. See Holland, 560 U.S. at 649. Petitioner appears to argue that his failure to file a timely § 2254 petition should be excused because trial counsel's ineffectiveness cost him the right to a direct appeal. (Pet. 25 ¶ 18.) Petitioner fails to explain, however, how the loss of his right to appeal prevented him from timely filing a federal habeas petition. Indeed, Petitioner's 2013 letter to counsel, sent around the time the federal statute of limitations expired, demonstrates Petitioner knew counsel had not filed a direct appeal on his behalf. Nevertheless, Petitioner did not file the instant § 2254 habeas action until more than three years later.

IV.     **CONCLUSION**

The Petition for Writ of Habeas Corpus is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is

**DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Date Signed: September 7, 2017

Frank D. Whitney
Chief United States District Judge